(78 Misc. Rep. 511.)

### CITY OF NEW YORK v. GUROWITZ.

(Supreme Court, Appellate Term, Second Department. December 13, 1912.)

CRIMINAL LAW (§ 555*)—EVIDENCE—DETECTIVES—WEIGHT INSPECTORS—CREDIBILITY.

　　Where two inspectors of the bureau of weights and measures went to defendant's store, and one purchased a pound of butter, which, on being immediately reweighed in defendant's presence, was found to contain but 14½ ounces, the fact that the purchaser and her male companion

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were inspectors of the bureau did not of itself raise any presumption against the credibility of their testimony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1252; Dec. Dig. § 555.*]

Appeal from Municipal Court, Borough of Queens, First District.

Action by the City of New York against Abraham Gurowitz for breach of a city ordinance regulating weights and measures. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Archibald R. Watson, Corp. Counsel, of New York City (Martin H. Murphy, of New York City, of counsel), for appellant.

Daniel W. Blumenthal, of New York City, for respondent.

PER CURIAM. The municipal ordinance in evidence, among other things, provides:

Section 388: "No person shall sell or offer for sale any commodity or article of merchandise in any market or in the public streets or in any other place in the city of New York, at or for a greater weight or measure than the true measure or weight thereof. * * * No person shall violate any of the provisions of this section under a penalty of one hundred dollars for each offense."

Defendant, conducting a delicatessen store, in the borough of Queens, sold and delivered to one or two inspectors of the bureau of weights and measures a pound of butter, which, upon being immediately and in his presence reweighed, was found to contain but 14½ ounces. The fact that the purchaser and her male companion were such inspectors, of itself, raised no presumption against the credibility of their testimony, and there is no evidence showing interest or bias on the part of either of them. The proofs are convincing, and clearly preponderate as to the sale by short weight of the butter; and defendant's violation of the ordinance in the short-weight sale of the butter, especially, was seemingly so well established that the conclusion of the trial justice to the contrary was unreasonable and against the weight of evidence.

Judgment reversed, and new trial ordered, with costs to abide the event.